UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80314-CIV-COHN/SELTZER

WARREN SHELTON,

        Plaintiff,

v.

CITY OF WEST PALM BEACH, a
municipality of the State of Florida,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REFER

**THIS CAUSE** is before the Court on Plaintiff Warren Shelton's Motion to Appoint United States Magistrate Judge to Oversee Case [DE 9]. The Court has considered the Motion and the record, and is otherwise advised in the premises.

Plaintiff's *pro se* Complaint in this action charges the Defendant with racial discrimination. The Complaint was originally filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida and was then removed to this Court by Defendant. The Motion states that the "Plaintiff is not an attorney and does not have access to the resources to fully understand the rules of the federal procedure; now that the case has been removed." DE 9 at 1. Therefore, Plaintiff "respectfully asks that this case be referred to a Magistrate who handles *pro se* cases to assure fairness." Id.

There is a United States Magistrate Judge to whom many *pro se* cases are referred to in this District. However, those cases are limited to those filed by *pro se* plaintiffs who are incarcerated. Therefore, because Plaintiff is not in prison, his case

has not been referred.  Plaintiff is also advised that neither this Court nor a United States Magistrate Judge may "serve as *de facto* counsel for a party . . . or [ ] rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). Nevertheless, all courts must "show a leniency to [*pro se*] litigants not enjoyed by those with the benefit of a legal education." Id.

In addition, the Court cannot appoint Mr. Shelton a lawyer.  There is no constitutional right to counsel in a civil case. Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). "Appointment of counsel in civil cases is, rather, a privilege 'justified only by exceptional circumstances,' such as the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'" Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (quoting Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo, 983 F.2d at 193.

The Court finds that Mr. Shelton's case does not present the "exceptional circumstances" required to warrant the appointment of counsel.  Mr. Shelton has already drafted a Complaint that sets forth the "essential merits" of his cause of action. However, recognizing the value of the assistance that an attorney could provide to Mr. Shelton, the Court has referred this case to the Volunteer Lawyer's Project ("VLP") for evaluation.  Mr. Shelton is advised although this does not ensure that the VLP will take his case, it will be reviewed to determine whether his case should be referred to a

volunteer lawyer.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Warren Shelton's Motion to Appoint a United States Magistrate Judge to Oversee Case [DE 9] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 20TH day of April, 2010.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided:

Counsel of record

Warren Shelton
511 West 29th Street
Riviera Beach, FL  33404