UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80314-CIV-COHN/SELTZER

WARREN SHELTON,

        Plaintiff,

v.

CITY OF WEST PALM BEACH, a
municipality of State of Florida,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE WITH PREJUDICE

**THIS MATTER** is before the Court upon Defendant, City of West Palm Beach's

Motion to Dismiss for Failure to Prosecute, Failure to Comply with a Court Order, and

Failure to Comply with the Federal Rules [DE 37] ("Motion to Dismiss").  The Court has

considered the Motion to Dismiss, the record in this case, and is otherwise advised in

the premises.

Defendant propounded its First Set of Interrogatories and First Set of Requests

for Production on July 8, 2010, and its First Set of Requests for Admissions on July 12,

2010.  Plaintiff Warren Shelton's Responses were due August 13, 2010 and August 17,

2010, respectively.  Plaintiff failed to respond to the discovery requests, even after

Defendant's counsel and her staff discussed with Plaintiff that his responses were past

due.

On September 17, 2010, Defendant filed its Motion to Compel [DE 27] regarding

these discovery requests.  On September 20, 2010, the Court entered an Order [DE 28]

requiring the parties to confer in a good faith attempt to resolve the issues raised in the

Motion to Compel.  The parties met in person on September 24, 2010, and agreed that Plaintiff would transmit the outstanding discovery to Defendant by Friday, October 1, 2010, but Plaintiff failed to do so.

On October 20, 2010, the Court ordered Plaintiff to serve written responses to Defendant's First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admissions.  DE 35.  Despite the warning that "**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE IMPOSITION OF ADDITIONAL SANCTIONS, INCLUDING DISMISSAL OF PLAINTIFF'S CLAIMS**," DE 35 at 5-6, Plaintiff failed to comply.  The October 20, 2010 Order also required Plaintiff to pay Defendant $100 for attorney's fees incurred in filing the Motion to Compel.  DE 35 at 5.

When Defendant filed its Motion to Dismiss on November 12, 2010, the Court ordered Plaintiff to show cause no later than November 24, 2010 why the Court should not dismiss this case for lack of prosecution and why the Court should not hold Plaintiff in contempt for failure to comply with the Court's Order.  See DE 37; DE 38.  Once again, Plaintiff failed to respond.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  See Fed. R. Civ. P. 41(b); Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999).  "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice."  Gratton, 178 F.3d at 1374 (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985)).  In light of Plaintiff's repeated failure to comply with the federal rules and the Court's orders, and in light of the fact that sanctioning Plaintiff did not result in his compliance with future orders, it is hereby

2

**ORDERED AND ADJUDGED** that Defendant, City of West Palm Beach's Motion to Dismiss for Failure to Prosecute, Failure to Comply with a Court Order, and Failure to Comply with the Federal Rules [DE 37] is **GRANTED**.  Plaintiff's Third Amended Complaint is **DISMISSED with prejudice**.  The Court, in its discretion, declines to give Plaintiff the opportunity to file a Fourth Amended Complaint.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).  It is further

**ORDERED AND ADJUDGED** that all pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this _6th_ day of December, 2010.

**JAMES I. COHN**
**United States District Judge**

Copies provided to:
Counsel of record via CM/ECF
Warren Shelton, *pro se*

3